## Rhoads *versus* The County of Armstrong.

*Incompetency of Witnesses on the Ground of Interest.—Effect of Release.
—Former Suit, Parties estopped by.*

1. A county proposing to build a bridge, G. agreed to pay $150 towards it if placed at his mill, at which place it was built by R. the contractor, who having agreed to take G. for payment for so much of the sum due by the county, received from the commissioners an order on G. for $150 and the balance in money: the order not being accepted or paid, it was returned, and afterwards suit brought for that amount against the county by R., on the trial of which H., a witness for the plaintiff, was rejected on the ground of interest as a partner in the bridge contract, and when released, again rejected because the costs up to date were not paid; and G., another witness, to whom the money recovered was to go in payment for a lumber bill, also rejected, though released by the plaintiff. *Held*, that the rejection of the witnesses was not error, for notwithstanding the release, H. was liable for costs and incompetent until they were paid, while G., though released by R., was still interested, and was not competent until he had released the plaintiff.

2. Where the county commissioners, without consulting counsel, had, after the return of the order, brought suit thereon against G. and submitted it to arbitrators, in which the county suffered a nonsuit, under advice of counsel, as having no right of action; and in the suit by R. against the county, the former suit was offered by him as conclusive against the defendant and a final adjudication of the rights of G. and the county, upon which the court below charged that it was evidence but not conclusive, and that if the jury believed the demand against G. had been passed to R., he would not be estopped by the act of the commissioners: it was *held*: That the charge of the court was not erroneous; for if under the evidence G. was responsible for the $150 to R. and not to the county (which was a fact for the jury), then the act of the commissioners would not affect R., nor prevent him from maintaining an action against G. for the payment promised by him.

ERROR to the Common Pleas of *Armstrong county*.

This was an action of *assumpsit*, brought to December Term 1858, by Samuel Rhoads against the County of Armstrong, to recover a balance alleged to be due to him for building a county bridge over the Big Mahoning Creek, at Glenn's Mills, in said county, in which, under the ruling of the court below (BUFFINGTON, P. J.), there was a verdict and judgment for the defendant. The case was then removed into this court by the plaintiff, and was argued by *Golder* and *Fulton* for plaintiff, and by *J. Boggs* for defendant.

The points presented by this case, and the facts on which they depend, are fully stated in the opinion of this court, which was delivered, November 11th 1861, by

READ, J.—The county of Armstrong proposed to build a bridge over Big Mahoning Creek, and there being a competition as to the site, Archibald Glenn agreed to pay $150 towards it if placed at his mill, which spot was finally adopted. The con-

[Rhoads v. The County of Armstrong.]

tract for building the bridge was awarded to Samuel Rhoads, the plaintiff, who agreed to take Glenn for it to the amount of his subscription in payment and satisfaction of so much of the price to be paid him by the county.   This is clearly established by the verdict of the jury, and such, no doubt, from the nature of the evidence, was the understanding between Rhoads and Glenn. Rhoads built the bridge, and received the whole contract price, except the $150, for which the county commissioners gave him an order on Glenn.   Glenn refused to pay the $150, and Rhoads returned the order to the commissioners, and afterwards brought this suit against the county.

This was really the question in dispute, and was settled by the verdict which disposed of the allegation, that the agreement of Glenn was conditional, and was not fulfilled, which was fairly submitted to the jury by the court.   There are four errors assigned, the first two being to the withdrawal of Alexander Henry's testimony, and his final rejection as a witness, and the second to the rejection of Archibald Glenn.   Upon the examination of Henry, he proved that he was a partner of the plaintiff, and of course he was rejected, and his testimony withdrawn.   Rhoads released Henry by a paper, dated September 12th 1859, and Glenn, by an instrument executed during the trial, on December 15th, in the same year, but Henry was not admitted because he did not pay up the costs till that time.   So Glenn, to whom it was admitted the amount recovered in this suit was to go, was released by Rhoads, when he (Rhoads) should have been released by Glenn.   Under the circumstances, then, these witnesses were properly rejected.

The third error is involved in the fourth, which contains the first of the plaintiff's points, and the answer of the court. After the return of the order by Rhoads to the commissioners, they, without consulting counsel, entered into an amicable action with Mr. Glenn, and on September 29th the parties appeared, and agreed that all matters in variance be submitted to three persons as arbitrators.   In case of absence, parties agree to substitutes, and the award to be final and conclusive.   On the day fixed the arbitrator and two substitutes met, "and award and say that the plaintiff takes a nonsuit."

This appears to have been acquiesced in by Glenn, and when, therefore, it is offered by Rhoads as conclusive against the county, and to show a final adjudication of the rights of Glenn and the county, the court were right in saying it was evidence, but not conclusive, and if the jury believed that the demand against Glenn had been passed to Rhoads, Rhoads would not be estopped by the action of the commissioners.

There is nothing in the third point.   The charge appears to

have been perfectly correct, and presenting a proper view of the facts and the law to the jury.

Judgment affirmed.